UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BERNADINE SUGGS TILLMAN,** } | |
| } | |
| **Plaintiff** } | |
| air } | |
| v. } | Case No.: 2:16-cv-00211-RDP |
| } | |
| **AUTOVEST, LLC; et al.** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

**I.   Introduction**

The court has before it Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docs. # 10, 11, 12), filed March 30, 2016. The Motions are fully briefed and ripe for review. (Docs. # 10, 11, 12, 20, 21). Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss Amended Complaint (Doc. # 19) on July 8, 2016. For the reasons outlined below, the court finds that Defendants Motions are due to be granted, Plaintiff's Motion to Strike is due to be denied, and this case is due to be dismissed with prejudice.

**II.   Procedural History**

Plaintiff brought this case *pro se* to recover both the money she paid Defendants as part of a judgment entered against her in the Circuit Court of Madison County, Alabama, and interest on that money. (Doc. # 9). She also alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FRCA"), and the Consumer Financial Protection Act ("CFPA") in relation to that state court lawsuit. (*Id.*).

Plaintiff initiated this case in Jefferson County Circuit Court on December 30, 2015.

(Doc. # 1-1). Defendants removed it to this court on February 4, 2016. (Doc. #1). On February 23, 2016, they filed their Motions to Dismiss. (Docs. # 5, 6, 7). In her Complaint, Plaintiff averred only conclusory statements of law that were not supported by specific factual allegations. (Doc. # 1-1). However, because Plaintiff is proceeding *pro se*, the court declined to dismiss her claims and directed Plaintiff to file an Amended Complaint which (1) stated a claim for relief, and (2) to complied with Federal Rules of Civil Procedure 8(a), 8(d)(1), 9(b), 10(b), and 11(b). (Doc. # 8). Plaintiff filed her Amended Complaint on March 18, 2016. (Doc. # 9). Defendants timely responded by filing the present Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. #10, 11, 12). On July 8, 2016, Plaintiff filed a Reply in Response to Exhibit B of the Court's Order. (Doc. # 20). She also filed her Motion to Strike. (Doc. # 19). Defendants filed a joint Reply in Support of All Defendants' Motions to Dismiss on July 15, 2016. (Doc. # 21).

In their briefs, Defendants argue that Plaintiff's claims are not properly presented and do not comply with the Federal Rules of Civil Procedure. (Docs. # 10, 11, 12). Defendants also argue that Plaintiff's claims are barred under the doctrines of *res judicata* and *Rooker-Feldman,* and that some of her claims are time-barred by the applicable statute of limitations. (*Id.*). They further contend that Plaintiff has made only superficial changes to her Amended Complaint and, therefore, her claims are due to be dismissed with prejudice. (*Id.*). Defendants include as Exhibits the Final Order of the Madison County Circuit Court case, the Certificate of Judgment from Plaintiff's appeal to the Court of Civil Appeals in the state court case, Madison County Circuit Court Judge Comer's Order denying Plaintiff's Motion to Vacate a Void Judgment and Motion for Stay of Garnishment, and a Second Certificate of Judgment from the Court of Civil Appeals in the prior state court case. (*Id.*).

**III.     The Amended Complaint**

Plaintiff's Amended Complaint raises six causes of action, with a single, standalone allegation labeled "Facts."  (Doc. # 9).  That single allegation states that Defendants Naomi Cohen Ivker, R. Taylor Abbot, Margaret Hammond Manuel, and G. Hampton Smith, acting for Defendant Zarzaur & Schwartz, P.C., "committed mail fraud, on or before June 26, 2013," from Jefferson County, Alabama.  (*Id.* at ¶ 11).  Defendants Christina Styles, Michael Andrews and Associates, LLC, and Karl Romund are not referenced in that allegation.

Plaintiff's first cause of action is for common law fraud.  (Doc. # 9).  Specifically, she alleges that Zarzaur & Schwartz "made a material false representation which [they] knew was false or recklessly and ignorantly of its truth with the intent that [Plaintiff] act on the false material misrepresentation."  (*Id.* at ¶ 12).  She avers she was "fraudulently induced" and relied and acted upon that false representation.  (*Id.* at ¶ 13).  Plaintiff further asserts that, because of her reliance on that misrepresentation and misrepresentations by Defendants Ivker, Abbott, Manuel, Smith, and Styles, she was defrauded $11,572.38.  (*Id.* at ¶¶ 14-15).

In her second cause of action, Plaintiff alleges that "Defendants" misrepresented a time-barred debt in violation of the CFPA and Ala. Code § 7-2-725.  (Doc. # 9).  She asserts that, according to Defendant Autovest, LLC's records, her last payment was made (presumably to Autovest) on April 24, 2009, but Autovest did not file suit until July 26, 2013, beyond the statute of limitations for such a claim.  (*Id.* at ¶ 17).  Plaintiff also alleges that she had "never heard of the defendant until such time as legal action was filed" and "Defendants did not prove up the accuracy of the alleged debt at any time."  (*Id.* at ¶¶ 18, 20).  She further contends that Autovest "waited past the statute of limitations to bring an action against" her.  (*Id.* at ¶ 21).  Plaintiff claims that Christina Styles, on behalf of Autovest, gave "hearsay" testimony in court because

she never worked for Wells Fargo and could not obtain a competent witness of underlying records.  (*Id.* at ¶ 22).

Third, Plaintiff asserts that "Defendants engaged in unfair, deceptive, or abusive act[s] or practice[s] in violation of CFPA 12 U.S.C §§ 5531 and 5536(a)(1)(B)."  (Doc. # 9).  She avers that "Defendants falsely represented that [she] had a legally enforceable obligation to pay the Debt."  (*Id.* at ¶ 24).  Further, Plaintiff claims Defendants harmed her by filing a lawsuit against her "knowing that the alleged debt was time barred and that by doing so injury would be the probable result."[1]  (*Id.* at ¶ 25).  And, Plaintiff alleges that Defendants made "numerous misrepresentations" to her and in court in connection with attempts to collect the alleged debt.  (*Id.* at ¶ 26).

In her fourth cause of action, Plaintiff claims "Defendants engaged in malicious prosecution or abuse of process" by filing a lawsuit against her when they knew it was time-barred on July 26, 2013.  Doc. # 9 at ¶ 27).  She avers Defendants again engaged in malicious prosecution or abuse of process "by filing a motion to strike [her] motion to vacate void judgment" on March 15, 2015.  (*Id.* at ¶ 28).

Plaintiff alleges in her fifth cause of action that Defendants violated the FDCPA by filing a wage garnishment against her even though they knew the debt was time-barred.  (*Id.* at ¶ 29).  She therefore asserts she was not legally obligated to pay that debt.  (*Id.*).  Additionally, Plaintiff avers that Defendants did not note in their communications with her that the debt was beyond the statute of limitations.  (*Id.* at ¶ 30).

In her sixth and final cause of action, Plaintiff alleged that Defendant Michael Andrews and Associates, LLC violated Section 604 of the FCRA -- by pulling her credit report on

---

[1] Plaintiff cites the name of what appears to be a case, *Tracy Webb v. Midland Funding, LLC*, but provides no further information concerning that case.

December 30, 2013, and again on May 18, 2015 -- without her permission and without a permissible purpose. (Doc. # 9 at ¶¶ 31-32). Plaintiff asserts this conduct injured her by negatively affecting her credit score. (*Id.*). Although Plaintiff states that Defendant Karl Romund is an employee of Michael Andrews and Associates, she does not make any specific allegations against him anywhere in the Amended Complaint.

## IV. Standard of Review

The Federal Rules of Civil Procedure require that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Intl. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). The court draws all "reasonable inferences" in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

When, as here, a plaintiff proceeds *pro se*, the complaint is to be "liberally construed," and the "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Harney v. McCatur, Inc.*, No. 11-cv-4103, 2012 WL 2479630, at *2 (N.D. Ala. June 26, 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* litigant is not given *carte blanche* in crafting a pleading; a "*pro se* plaintiff's complaint must meet the minimum requirements of presenting a viable claim." *Id.* (quoting *Hales v. City of Montgomery*, 347 F. Supp. 2d 1167, 1171 (M.D. Ala. 2004)); *see also GJR Invs.*

*v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("[T]his leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). In other words, "[o]nce a *pro se* litigant is in court, [s]he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." [2] *Smith v. Fla. Dept. of Corr.*, 369 Fed. Appx. 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Thus, while the court liberally construes Plaintiff's pleadings and "affords them significant leniency in light of her *pro se* status, the court may not wholly disregard the federal pleading standards and standard of review." *Roberts v. Chase Home Fin.*, No. 12-cv-1883, 2012 WL 2862033, at *1 (N.D. Ala. Jul. 22, 2012) (citing *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)).

**V.    Analysis**

Plaintiff has alleged six claims. After careful consideration, the court concludes they are all due to be dismissed.

### A.    Plaintiff's Second, Third, Fourth, and Fifth Causes of Action against Autovest are Barred by the *Rooker-Feldman* Doctrine

Plaintiff argues that she does not seek to disturb the prior state judgment entered against her; rather, she requests that the court recognize that Defendants have brought suit against her on a debt they allegedly knew was barred by the statute of limitations. (*See* Doc. # 20). In essence, despite her characterization, Plaintiff asks this court for relief from a final Alabama court judgment entered against her, and seeks money damages from Defendants related to, and stemming from, that judgment. (Doc. # 9).

---

[2] Plaintiff also failed to comply with the court's February 24, 2016 Order directing her to amend her complaint to comply with Federal Rules of Civil Procedure 8(a), 8(d), 9(b), 10(b), and 11(b). (Doc. # 8). In that Order, the court expressly warned Plaintiff of the consequences of failure to amend her complaint as directed. Thus, because Plaintiff failed to comply with that Order, her Amended Complaint is due to be dismissed on those grounds alone. However, for completeness, the court will address the other reasons why Plaintiff's Complaint is due to be dismissed.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). They possess only those powers authorized by the Constitution and statute. *Id.* The *Rooker-Feldman* abstention doctrine represents a limit on a federal court's jurisdiction.

The *Rooker-Feldman* doctrine bars a party who loses in state court from seeking what, in substance, would be appellate review of the state judgment in a United States District Court, based on the losing party's claim in that state judgment. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). For the doctrine to apply, the state court judgment must be entered prior to commencement of suit in federal court. *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (citation omitted). Further, the bar to suit extends to all federal claims asserted by a plaintiff that are inextricably intertwined with the state court decision. *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130, 132-33 (11th Cir. 2005) (*per curiam*) (citing *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)). In other words, the doctrine bars federal claims that would succeed only if the state court decision was wrongly decided. *Id.*

The Eleventh Circuit has set forth a four-part test for the application of the *Rooker-Feldman* doctrine. First, the party in federal court must be the same as the party in state court. *Nicholson*, 558 F.3d at 1272 (citing *Roe v. Ala.*, 43 F.3d 574, 580 (11th Cir. 1995)). Second, the prior state court ruling must be a final or conclusive judgment on the merits, meaning that all appeals have been resolved. *Id.* at 1272, 1279 (citations omitted). Third, the party seeking relief in federal court must have had a reasonable opportunity to raise its federal claims in the state court proceeding. *Id.* at 1272, citing *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (*per*

*curiam*). Finally, the issue before the federal court must have been either adjudicated by the state court or inextricably intertwined with the state court judgment. *Id.*

Here, there is no dispute that a final state court judgment was entered on February 18, 2014, against Plaintiff and in favor of Autovest. (*See* Doc. # 10 at Ex. A[3]; *see also* Doc. # 9). That judgment was entered after a trial on January 21, 2014, where Plaintiff represented herself.[4] (*See* Doc. # 10 at Ex. A). Plaintiff was held liable by that state proceeding for breach of contract to finance the purchase of a vehicle. (*Id.*). The Alabama Court of Civil Appeals affirmed that judgment on December 5, 2014. (*See* Doc. # 10 at Ex. B). Plaintiff subsequently filed a motion to vacate the judgment as void, and a motion for stay of garnishment. (*See* Doc. # 10 at Ex. C; Doc. # 9 at ¶ 28). The state court denied those motions. (Doc. # 10 at Ex. C). On September 11, 2015, the Alabama Court of Civil Appeals affirmed that denial. (Doc. # 10 at Ex. D). Plaintiff filed the present suit on December 30, 2015. (Doc. # 1-1).

Applying the four-part test to these facts, Plaintiff and Autovest are clearly parties to both the state court action and this case. The state court proceedings are resolved. The judgment was final and conclusive, and all appeals have concluded.[5] Plaintiff plainly had a reasonable opportunity to raise all of her federal claims against Autovest in the state court action, because the state court claims concerned an unpaid debt. And, finally, the issue before this court is

---

[3] A court may consider documents attached to a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment when those documents are referenced by a plaintiff's complaint, or directly contemplated by references in the complaint. *See, e.g.*, *Edwards v. Harrison*, No. 07-cv-196, 2009 WL 537539, at *2 (M.D. Ga. Mar. 3, 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). In her Amended Complaint, Plaintiff makes references to the state court proceedings and her motion to vacate the state judgment as void. (*See* Doc. # 9). Therefore, the court may consider Defendants' exhibits, which are documents from the state court proceedings. (*See* Docs. # 10, 11, 12).

[4] Defendant Styles served as Autovest's representative at that trial. (*See* Doc. # 10 at Ex. A; Doc. # 9 at ¶ 22).

[5] Plaintiff has not argued that she appealed the September 11, 2015 order to the Alabama Supreme Court. And, even if that order were appealable, the court notes that the time to appeal as of right has expired. *See* Ala. R. App. P. 4(a) (forty-two day deadline from date of entry of judgment or order appealed from to file notice of appeal).

whether Autovest impermissibly sought a judgment for and to enforce a time-barred debt. (*See* Doc. # 9). The issue of that debt was squarely before the state court, and decided against Plaintiff. (Doc. # 10 at Ex. A). Further, Plaintiff filed a motion for stay of garnishment in that state court case after judgment was entered, and now seeks relief for a violation of the FDCPA due to a filing of that garnishment. (*See* Doc. # 10 at Ex. C; Doc. # 9 at ¶ 29). Plaintiff cannot use this court to undo the state court's final judgment that she owes a debt to Autovest. For this court to find that Plaintiff is entitled to the money that she owes Autovest under the state court judgment would be to essentially undo the state court decision, which this court cannot do under *Rooker-Feldman*. Accordingly, Plaintiff's second, third, fourth, and fifth claims against Autovest relate to, and were adjudicated in, the state court proceeding. The court has no jurisdiction over them, and they are due to be dismissed.

### B. Plaintiff's Second, Third, Fourth, and Fifth Claims Are Barred by the Doctrine of *Res Judicata*

Defendants next argue that Plaintiffs claims are *res judicata* and therefore barred. The court agrees. Plaintiff's second, third, fourth, and fifth claims are due to be dismissed on those grounds.

State court decisions are entitled to full faith and credit by the federal courts of the United States; therefore, this court must honor the state court final judgment entered against Plaintiff. 28 U.S.C. § 1738 (2012). Under the doctrine of *res judicata*, also known as claim preclusion, a final judgment on the merits bars parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citation omitted). *Res judicata* prevents a party from re-litigating a cause of action that could have been raised in a prior action that resulted in a final judgment. *Id.* A party seeking to invoke the doctrine must satisfy four initial elements: (1) the prior decision was

10

rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits in the prior action; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action.  *Id.*  The Eleventh Circuit has further directed that:

> [i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form.  It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for *res judicata*.

*Id.* at 1297 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)).  "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, *res judicata* applies."  *Id.* at 1296 (citing *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990)).

The court has already determined that Plaintiff's claims at issue were the subject of a final judgment on the merits by a court of competent jurisdiction.  This case and the state court case both involve Plaintiff and Autovest.  But this case also involves Autovest's privies—*i.e.*, Styles, Smith, Ivker, Manuel, Abbot, and Zarzaur & Schwarz.  (Doc. # 9).  Styles participated in the state court proceedings, and Smith represented Autovest.  (Doc. # 10 at Ex. A; Doc. # 9).  Smith's firm is Zarzaur & Schwarz.  Ivker, Manuel, and Abbot are all attorneys at Zarzaur & Schwarz, and allegedly liable due to the connection.  (*See* Doc. # 9).  Thus, all of these Defendants are Autovest's privies for *res judicata* purposes.[6]  Finally, the claims included in the state court proceeding and those asserted in Counts Two, Three, Four, and Five of this case involve the same causes of action, in substance.  *Piper Aircraft*, 244 F.3d at 1296-97.  These four causes of action were raised (or should have been litigated) by Plaintiff in the state court proceeding.

---

[6] Even if Zarzaur & Schwarz and its attorneys are not privies, in this action, there are alternative reasons for their dismissal which are discussed below.

Plaintiff's main argument here centers around the claim that Defendants should not have been allowed to collect on her debt because it was time-barred. (Doc. #9). However, Plaintiff did not raise this as a defense in state court and, therefore, she cannot do so now. The state court proceeding was decided against Plaintiff. Therefore, *res judicata* bars her second, third, fourth, and fifth causes of action asserted here.[7]

### C. Plaintiff's Common Law Fraud Claim Fails to State a Claim Upon Which Relief May Be Granted and Does Not Meet the Rule 9(b) Pleading Standard

Plaintiff's first cause of action alleges that Ivker, Abbot, Manuel, Smith, Styles, and Zarzaur & Schwartz are liable for common law fraud. Defendants argue that claim is due to be dismissed for failure to state a claim, and because Plaintiff did not plead with the heightened specificity required by Rule 9(b). Further, Defendants argue the fraud claim is time-barred. The court agrees on all points.

Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard when a claim of fraud is made. A party who alleges fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." *Id.* In order to meet this requirement, Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*United States ex rel. Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). Further, if there are multiple defendants, a plaintiff must specify the fraudulent acts that form the basis of her cause of action against each individual defendant. *See Brooks v. Blue Cross Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997).

---

[7] Only Plaintiff's sixth cause of action alleges a claim against Michael Andrews and Associates. The Amended Complaint does not allege any claims against Romund specifically.

In her Amended Complaint, Plaintiff alleges that Zarzaur & Schwartz knowingly and recklessly made a material false representation with the intent that Plaintiff would act on it. (Doc. # 9 at ¶ 12). She further avers that Ivker, Abbot, Manuel, Smith, and Styles made misrepresentations to her. (*Id.* at ¶ 15). And, Plaintiff asserts that she was defrauded $11,572.38. (*Id.* at ¶¶ 14-15). However, her allegations are not any more specific than that. Plaintiff does not indicate *how* she was misled by the statements. She does not describe the alleged misrepresentations or Defendants' method of communication. To be sure, Plaintiff avers that Ivker, Abbot, Manuel, and Smith, acting for Zarzaur & Schwartz, committed mail fraud on June 26, 2013. (Doc. # 9 at ¶ 11). But Plaintiff still does not allege how those Defendants committed mail fraud. Nor does she aver in any way what Styles's alleged misrepresentations were, much less when or how they were made. These shortcomings do not satisfy the heightened pleading requirement set out in Rule 9(b).[8]

Furthermore, Plaintiff has not plausibly pleaded a claim for common law fraud. To state a claim for fraud under Alabama law, Plaintiff must plausibly allege that Defendants each made (1) a false representation (2) of a material existing fact (3) relied upon by Plaintiff (4) who was damaged as a proximate result of the misrepresentation. *Deng v. Scroggins*, 169 So. 3d 1015, 1024 (Ala. 2014). Plaintiff has only pleaded conclusory allegations and statements of law concerning the purported misrepresentations. The court disregards such conclusory statements. *See Iqbal*, 556 U.S. at 678. Accordingly, the court determines that Plaintiff has not alleged well-pleaded facts sufficient to state a claim for fraud.

Finally, and in any event, Plaintiff alleges that Zarzaur & Schwarz, Ivker, Abbot, Manuel, and Smith committed mail fraud on June 26, 2013. (Doc. # 9 at ¶ 11). Liberally construed,

---

[8] The court notes, again, that it expressly directed Plaintiff to comply with Rule 9(b) when she filed her Amended Complaint, and supplied Plaintiff with the statutory language of Rule 9(b). (Doc. # 8).

13

those Defendants' alleged misrepresentations occurred on that date. However, "[i]n Alabama, any fraud claim must be brought within two years of the accrual of the claim." *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1194 (Ala. 2001) (citing Ala. Code § 6-2-38(l)). Plaintiff filed her Complaint on December 30, 2015. (Doc. # 1-1). More than two years had passed since the alleged commission of fraud on date of June 26, 2013. Plaintiff has pleaded no facts to suggest any delay in discovery of the averred fraud. Accordingly, even if Plaintiff had plausibly pleaded fraud claims in compliance with Rule 9(b) (and, to be sure, she has not), those claims would be time barred. Plaintiff's first cause of action is due to be dismissed.

### D. Plaintiff's Second and Third Claims are Due To Be Dismissed Because They Do Not Allow for Private Causes of Action

Plaintiff's second and third causes of action allege violations of the CFPA, specifically 12 U.S.C. §§ 5531 and 5536(a)(1)(B). Plaintiff has also alleged as part of her second claim a violation of Alabama Code § 7-2-725. Defendants argue that the CFPA does not create a private right of action. The court agrees.

Title 12 U.S.C. § 5531 authorizes the Consumer Financial Protection Bureau to take action "to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of" such a product or service. Section 5536(a)(1)(B) makes it unlawful "for any covered person or service provider to engage in any unfair, deceptive, or abusive act or practice." 12 U.S.C. § 5536(a)(1)(B). Alabama Code § 7-2-725 sets forth a four year statute of limitations for breach of contract actions.

By their plain language, Sections 5531 and 5536 do not provide for a private right of action. Courts that have examined these provisions also have determined they do not provide for

a private cause of action.  *See Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *11 (E.D.N.Y May 15, 2015); *Johnson v. J.P. Morgan Chase Nat'l Corp. Servs.*, No. 13-cv-678, 2014 WL 4384023 at *5 (W.D.N.C. Aug. 5, 2014); *In re Capital One Derivative Shareholder Litig.*, No. 12-cv-1100, 2012 WL 6725613 at *7 (E.D. Va. Dec. 21, 2012).  It is axiomatic that a court should not imply a private right of action when Congress does not explicitly provide one.  *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 571 (1979). Therefore, Plaintiff cannot sue under these provisions of the CFPA as a private citizen.

Similarly, Alabama Code § 7-2-725 merely sets forth a statute of limitations.  It does not, by its terms, set forth a private cause of action.  Like most statutes of limitations, it allows for an affirmative defense to a suit should the cause of action be shown to be time-barred.  *See Ex parte Gold Kist, Inc.*, 646 So. 2d 1339, 1342 (Ala. 1994) (calling the statute of limitations set forth in Ala. Code § 7-2-725 a defense and an affirmative defense).  It is a shield, not a sword.  To the extent her contention that the underlying debt was time barred has any merit, Plaintiff should have raised the statute of limitations as a shield in the state court proceedings.

Accordingly, because both Alabama Code § 7-2-725 and the CFPA do not provide for a private right of action, Plaintiff's second and third causes of action are due to be dismissed.

### E.     **Plaintiff Has Not Pled a Malicious Prosecution or Abuse of Process Claim**

Plaintiff's fourth cause of action alleges malicious prosecution or abuse of process.  The court determines both claims are due to be dismissed.

In order to maintain an action for malicious prosecution under Alabama law, a party must show:

> (1) the institution or continuation of original proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings;

15

>  (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of.

*Evans v. Alabama Prof'l Health Consultants, Inc.*, 474 So. 2d 86, 87-88 (Ala. 1985). To prevail on an abuse of process claim, a plaintiff must establish "(1) the existence of an ulterior purpose, (2) a wrongful use of process, and (3) malice." *Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001) (citation omitted). "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, there is no abuse." *Id.* (citation omitted). Although the two torts appear similar, they are distinct. "Malicious prosecution concerns the wrongful *issuance* of process; abuse of process concerns the wrongful *use* of process *after it has been issued*." *Id.* (emphasis in original).

Here, Plaintiff cannot plausibly plead the required elements of either claim. First, her malicious prosecution claim fails because the proceedings terminated in Autovest's favor, not Plaintiff's. (*See* Doc. # 10 at Exs. A, B). She lost the state court proceeding and was ordered to pay Autovest $10,624.71. (*See id.*). Therefore, Plaintiff cannot meet all the elements of a malicious prosecution claim. Similarly, Plaintiff's abuse of process claim fails because the state court proceeding was plainly "confined to its regular and legitimate function in relation to the cause of action stated in the complaint"—that is, breach of contract. *Willis*, 814 So. 2d at 865; (*see also* Doc. # 10 at Ex. A). A breach of contract claim is regularly adjudicated in a court of law. Accordingly, "there [was] no abuse" here. *Willis*, 814 So. 2d at 865. For these reasons, Plaintiff's fourth cause of action is due to be dismissed.

## F. Plaintiff's FDCPA Claims Are Not Plausible and Are Time-Barred

As an initial matter, Count Five of Plaintiff's Amended Complaint does not indicate which section of the FDCPA Defendants violated, and does not specify which Defendants should be held liable. Plaintiff simply states: "Defendants filed wage garnishment [on March 15, 2015]

against Plaintiff knowing that the alleged debt was beyond statute of limitations and that Plaintiff did not have a legally enforceable obligation to pay Debt." (Doc. # 9 at ¶ 29). That allegation is built on conclusory statements of law, which the court disregards. *Iqbal*, 556 U.S. at 678

But, even if Plaintiff's pleading in her fifth cause of action contained plausible factual allegations, it is clear that her claims would nonetheless be time-barred under the FDCPA. The statute of limitations for bringing an action under the FDCPA is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations begins to run on the date in which a garnishment or a complaint is filed, or the day after a collection letter is first mailed to a consumer. *See Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (discussing cases).

Here, the state court proceeding to collect Plaintiff's debt was filed by Defendants on July 26, 2013. (*See* Doc. # 9; *see also* Doc. # 1-1). Therefore, the statute of limitations for any FDCPA claims based on that proceeding expired on July 26, 2014. Plaintiff did not file this case until December 30, 2015, long after the end of the statute of limitations. (Doc. # 1-1). Therefore, any FDCPA claims based on the state court proceeding are time-barred.

In addition, Plaintiff alleges that Defendants violated the FDCPA by filing a wage garnishment on March 15, 2015. (Doc. # 9 at ¶ 29). Although her FDCPA claim based on that garnishment may have been timely filed, Plaintiff has not plausibly pleaded her claim. Again, she has not specified which provision of the FDCPA the filing of the garnishment violated. The court cannot find any cases, nor has Plaintiff provided any, suggesting the filing of a wage garnishment *per se* allows for the assertion of a FDCPA claim, without other criteria being met. Moreover, there are additional reasons this claim fails. At other places in her pleadings, Plaintiff alleges well-pleaded facts that undermine her claim. It is undisputed that she lost a state court

proceeding concerning a breach of contract action brought by Autovest. (*See* Docs. # 9, 10 at Exs. A, B). The state court ordered her to pay money owed to Autovest. (Doc # 10 at Ex. A). And it is no surprise that Defendants filed a wage garnishment against Plaintiff after the state court issued its judgment and order to pay Autovest, when Autovest has been represented by a number of Defendants. *See Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (holding that "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer") (quoting *Iqbal*, 556 U.S. at 682). Plaintiff's claim of a FDCPA violation based on the wage garnishment is not plausible, and is due to be dismissed.

### G. Plaintiff Has Not Plausibly Pled that Michael Andrews and Associates Accessed Plaintiff's Credit Report for Impermissible Purposes

Plaintiff pleads in her sixth cause of action that Michael Andrews and Associates twice improperly accessed her credit report for an impermissible purpose. She does not make any allegations against any other Defendants in this claim. Michael Andrews and Associates argues that this claim should be dismissed. It is correct.

The FCRA limits the reasons and situations in which a consumer's credit report may be obtained from a credit reporting agency. *See* 15 U.S.C. § 1681b (listing permissible purposes of consumer reports). One allowable purpose authorizes a credit reporting agency to give a consumer report to a person who the credit reporting agency "has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C § 1681b(a)(3)(A). Debt collectors may properly obtain a consumer report for the purpose of reviewing or collecting upon an account a debtor has with a creditor or financier. *See, e.g.*, *Robinson v. Greystone Alliance, LLC*, No. 10-cv-3658, 2011 WL

2601573, at \*3 (D. Md. June 29, 2011) ("as long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA."); *cf. also Tacoronte v. Cohen*, -- Fed. Appx. --, 2016 WL 3439012, at \*10 (11th Cir. June 23, 2016) (*per curiam*).

Plaintiff has conceded that Michael Andrews and Associates is a debt collector. (*See* Doc. # 1-1 at p. 13) ("Michael Andrews and Associates, LLC identifies themselves as a debt collection agency on their website."). Michael Andrews and Associates argues that it permissibly accessed Plaintiff's consumer report as part of a debt collection activity. (Docs. # 12, 21). Plaintiff does not dispute this argument in her opposition brief; indeed, she argues that her sixth claim concerns Michael Andrews and Associates and Romund "who are debt collectors" for Autovest.[9] (Doc. # 20 at p. 4). Again, a money judgment was entered against Plaintiff and in favor of Autovest in the state court litigation. "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). It does not boggle the imagination that a debt collector for Autovest would pull Plaintiff's consumer report. Thus, Plaintiff's FCRA claims are simply not plausible, and her FCRA claim fails to state a claim upon which relief can be granted.

H.    **Plaintiff's Motion To Strike Is Improper and Is Due To Be Denied**

Plaintiff has also moved to strike Defendants' dismissal motions. (Doc. # 19). She contends Defendants' Motions are a "substantive and procedural nullity" that improperly test "the sufficiency of the underlying facts." (*Id.*).

Motions to strike allow a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts disfavor motions to strike, and

---

[9] Plaintiff has not made any allegations against Romund.

they will usually be denied unless the pleading sought to be stricken is clearly insufficient as a matter of law. *Knous v. United States*, 981 F. Supp. 2d 1365, 1366 (N.D. Ga. 2013); *Somerset Pharmaceuticals, Inc. v. Kimball*, 168 F.R.D. 69, 74 (M.D. Fla. 1996). A court generally will not exercise its discretion to strike "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of the Ozarks v. Khan*, 903 F. Supp. 2d 1370, 1376 (N.D. Ga. 2012).

Plaintiff's Motion to Strike is an improper vehicle for responding to motions to dismiss. The proper method for responding to Rule 12(b)(6) motions is to present argument in an opposition brief, or to seek leave to amend to state a claim for relief. Defendants properly filed their Rule 12(b)(6) motions contending that Plaintiff has not plausibly pleaded any of her causes of action against them. Those motions set forth other arguments as to why Plaintiff's claims are due to be dismissed. The court has determined that Plaintiff has not, and cannot, plausibly state a claim for relief. Her motion to strike is due to be denied.

## VI.  Conclusion

For all of these reasons, Plaintiff's claims against Defendants are due to be dismissed with prejudice. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** this August 17, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE